**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ADAMS ARMS, LLC,

    Plaintiff,

v.                                 Case No.: 8:16-CV-1503-T-33AEP

UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS, LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.
_____/

**ADAMS ARMS, LLC'S MOTION TO SET AN EVIDENTIARY HEARING
ON ADAMS ARMS LLC'S MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff, Adams Arms, LLC ("AA"), by and through its undersigned attorneys and pursuant to Local Rule 3.01(j), moves to set an evidentiary hearing on AA's Motion for Preliminary Injunction to be held within twenty (21) days of this motion. In support of this motion, AA states as follows:

    AA filed suit asserting claims of, *inter alia*, breach of a nondisclosure agreement and misappropriation of trade secrets. (Dkt. 1) Shortly thereafter, AA filed its Motion for Preliminary Injunction. (Dkt. 13) To date, four out of the five Defendants have been served, including Defendant Unified Weapon Systems, Inc. ("UWS").[1] (Dkts. 16-19) However, AA has not yet served UWS's President and Chief Executive Officer, Defendant Christian Quintanilla Aurich, who is a resident of Peru.

---

[1] Aguieus, LLC, Michael C. Bingham, and Major General James W. Parker have also been served.

AA has been unable to serve Mr. Aurich at his residence in Miami, Florida. AA also contacted UWS's attorney and registered agent located in St. Petersburg, Florida, Matthew Sullivan, Esq., to inquire whether he would accept service on behalf of Mr. Aurich, but Mr. Sullivan will not respond. In the meantime, AA respectfully requests that this Court proceed with conducting a hearing on AA's Motion for Preliminary Injunction, while AA continues to try to serve Mr. Aurich.

In contrast to the continuing irreparable harm faced by AA, Defendants will not be prejudiced by proceeding on AA's Motion for Preliminary Injunction prior to service on Mr. Aurich. Whether or not Mr. Aurich opposes the motion or appears at a hearing, there is no question that as an officer of UWS he falls within the class of persons that would be bound by a preliminary injunction. *See* Fed. R. Civ. P. 65(d)(2) (noting that an injunction binds the parties as well as "the parties' officers, agents, servants, employees, and attorneys' . . . . and other persons who are in active concert or participation" with a party). AA's Motion for Preliminary Injunction seeks the same relief against Mr. Aurich as the other Defendants, and Mr. Aurich's interests will be adequately represented by UWS and the other Defendants that appear to contest the motion.

Moreover, as the President and Chief Executive Officer of UWS, which has been served, it is almost inconceivable that Mr. Aurich has not received, or would not receive, notice of this lawsuit and AA's Motion for Preliminary Injunction prior to a hearing. Notice of a Motion for Preliminary Injunction is all that is required, and service of process is not a predicate for granting injunctive relief. *See, e.g.*, *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978) ("It is not grounds for reversal that the trial court's

interlocutory order was issued prior to the time that appellant was made a party by substitute service of process. Rule 65(a) does not require service of process."); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370 (N.D. Ga. 2008) ("[P]erfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order."); *Sec. & Exch. Comm'n v. Capital Growth Co., S.A. (Costa Rica)*, 391 F. Supp. 593, 600 (S.D.N.Y. 1974) ("The first argument which defendants make is a technical one: that the notice which they received was invalid because they had not received the summons and complaint, and hence, were not parties at the time the notice of the preliminary injunction proceedings was received. We find this contention to be without merit.").

Under the circumstances, AA contends that notice to Mr. Aurich through his company, UWS, and its registered agent is sufficient. "Rule 65(a) does not specify the particular type of notice required in order properly to bring defendants in an injunction proceeding before the trial court." *Plaquemines Par. Sch. Bd. v. United States*, 415 F.2d 817, 824 (5th Cir. 1969). "The sufficiency of written and actual notice is a matter for the trial court's discretion." *Id.* As an example, notice of an injunction proceeding through a party's attorney is sufficient. *See Corrigan Dispatch Co.*, 569 F.2d at 302 ("Appellant's attorney, Zaffirini . . . was served with written notice prior to issuance of the order in question.").

In some cases, even awareness that an injunction hearing *could potentially be held* has been sustained as sufficient notice. In *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, the appeals court rejected the defendant's argument that an injunction was invalid because the defendant received less than 24 hours' notice of a hearing and that,

considering its status as a foreign defendant, the notice was inadequate. The court reasoned that:

> Petrobras's complaint about lack of notice is unsupportable. It clearly knew there would be a hearing as soon as court congestion allowed. It had more than a month from the time that Atwood filed its application for injunctive relief to obtain affidavits, file documents, and produce witnesses for depositions. . . . . . Furthermore, despite not knowing the exact date of the hearing prudent counsel would have been aware of the need to meet the issue when it arose.

*Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1178 (5th Cir. 1989); *see also Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1230 (10th Cir. 2009) ("In Lake's supplemental brief, he explicitly requested equitable relief for the first time. Westar complains it was unable to respond to this brief and thus unable to present its case . . . . Westar was, however, fairly apprised of the likelihood of equitable relief.").

Defendants will not be prejudiced by proceeding on AA's Motion for Preliminary Injunction prior to service on Mr. Aurich, and Mr. Aurich has or will likely receive adequate notice of the injunction proceeding prior to a hearing.

WHEREFORE, AA respectfully requests that this Court grant the present motion and set a hearing on AA's Motion for Preliminary Injunction to take place within the next twenty-one (21) days.

Dated: June 24, 2016.

                         Respectfully submitted,

                         /s/ J. Todd Timmerman
                         Jaime Austrich, Trial Counsel
                         Florida Bar No. 84565
                         jaustrich@slk-law.com
                         J. Todd Timmerman
                         Florida Bar No. 0956058
                         ttimmerman@slk-law.com
                         Mindi M. Richter
                         Florida Bar No. 0044827
                         mrichter@slk-law.com
                         101 East Kennedy Boulevard
                         Suite 2800
                         Tampa, Florida 33602
                         Telephone No.: (813) 229-7600
                         Facsimile No.: (813) 229-1660

                         *Attorneys for Plaintiff, Adams Arms, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record, and served the following Defendants via U.S. Mail:

> Unified Weapon Systems, Inc.
> c/o Agents and Corporations, Inc.
> 1201 Orange Street, Suite 600
> One Commerce Center
> Wilmington, Delaware 19801
>
> Aguieus, LLC
> c/o Matthew B. Sullivan, Esq.
> 4756 Central Avenue
> St. Petersburg, Florida 33711
>
> Christian Quintanilla Aurich
> 6855 SW 45th Lane, Apartment 7
> Miami, Florida 33155
>
> Michael C. Bingham
> 7441 Ambleside Drive
> Land O'Lakes, Florida 34637
>
> Major General James W. Parker, U.S.A, Retired
> 929 Allegro Lane
> Apollo Beach, Florida 33572

/s/ J. Todd Timmerman
Attorney