UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

      Plaintiff,

v.                             CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS, LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,
USA, Retired,

      Defendants.

_____/

**DEFENDANT, MICHAEL C. BINGHAM'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES**

COMES NOW the Defendant, MICHAEL C. BINGHAM (hereinafter referred to as "BINGHAM"), by and through his undersigned counsel, and files the following Answer to Plaintiff, ADAMS ARMS, LLC's (hereinafter referred to as "AA") Complaint For Damages and states as follows:

**INTRODUCTION**

1.  Denied.

2.  Without knowledge, therefore denied and strict proof is demanded thereof.

3.  Without knowledge, therefore denied and strict proof is demanded thereof.

4.  Denied.

5.   Denied.

6.   Denied.

7.   Denied.

8.   Denied.

9.   Denied.

## PARTIES, JURISDICTION AND VENUE

10. Admitted for jurisdictional purposes only, otherwise denied.

11. Denied.

12. Admitted.

13. Admitted, as to AGUIEUS, but denied as to UWS.

14. Without knowledge, therefore denied.

15. Denied.

16. Admitted for jurisdictional purposes only, otherwise denied.

17. Admitted for jurisdictional purposes only, otherwise denied.

## FACTUAL ALLEGATIONS

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied and strict proof demanded thereof.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Denied.

38. Denied.

39. Denied

40. Denied and strict proof demanded thereof.

41. Denied.

42. Denied.

43. Denied,

44. Denied.

45. Denied.

46. Denied.

47. Denied and strict proof is demanded thereof.

48. Denied and strict proof is demanded thereof.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied and strict proof is demanded thereof.

54. Denied.

55. Denied

56. Without knowledge, therefore denied.

57. Admitted.

58. Without knowledge, therefore denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Admitted.

67. Admitted.

68. Denied.  No AA Parts or designs are currently being used or will be used in the future, as the AA rifles provided did not work properly.

69. Denied and strict proof is demanded thereof.

70. Without knowledge, therefore denied.

## COUNT I
## BREACH OF LOI
### (as to UWS)

71. BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

72. Paragraph 72 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

73. Paragraph 73 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

74. Paragraph 74 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

75. Paragraph 75 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

76. Paragraph 76 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

## COUNT II
## BREACH OF MUTUAL CONFIDENTIALITY AND NONDISCLOSURE
## AGREEMENT
### (as to all Defendants)

77. BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT III
## BREACH OF CONFIDENTIAL NON DISCLOSURE AGREEMENT
### (as to General Parker)

84. BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

85. Paragraph 85 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

86. Paragraph 86 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

87. Paragraph 87 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

88. Paragraph 88 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

89. Paragraph 89 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

## COUNT IV
## BREACH OF CONSULTING SERVICES AGREEMENT
### (as to General Parker)

90. BINGHAM hereby incorporate their responses to Paragraphs 1 through 70 above as if fully set forth herein.

91. Paragraph 91 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

92. Paragraph 92 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

93. Paragraph 93 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

94. Paragraph 94 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

95. Paragraph 95 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

**COUNT V**
**MISAPPROPRIATION UNDER THE DEFEND TRADE SECRETS ACT**
**(as to all Defendants)**

96. BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

97. Count V is subject to a motion to dismiss filed by BINGHAM.

98. Count V is subject to a motion to dismiss filed by BINGHAM.

99. Count V is subject to a motion to dismiss filed by BINGHAM.

100.      Count V is subject to a motion to dismiss filed by BINGHAM.

101.      Count V is subject to a motion to dismiss filed by BINGHAM.

102.      Count V is subject to a motion to dismiss filed by BINGHAM.

103.      Count V is subject to a motion to dismiss filed by BINGHAM.

104.      Count V is subject to a motion to dismiss filed by BINGHAM.

105.      Count V is subject to a motion to dismiss filed by BINGHAM.

106.      Count V is subject to a motion to dismiss filed by BINGHAM.

107.      Count V is subject to a motion to dismiss filed by BINGHAM.

108.    Count V is subject to a motion to dismiss filed by BINGHAM.

**COUNT VI**
**MISAPPROPRIATION UNDER THE FLORIDA TRADE SECRETS ACT**
**(as to all Defendants)**

109.    BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 and 97 through 108 above as if fully set forth herein.

110.    Admitted for jurisdictional purposes only.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

**COUNT VII**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**
**(as to UWS)**

117.    BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

118.    Paragraph 118 does not assert claims against BINGHAM. However, to the extent any response is required, BINGHAM denies all such allegations.

119.    Paragraph 119 does not assert claims against BINGHAM. However, to the extent any response is required, BINGHAM denies all such allegations.

120.    Paragraph 120 does not assert claims against BINGHAM. However, to the extent any response is required, BINGHAM denies all such allegations.

121.     Paragraph 121 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations

122.     Paragraph 122 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations

123.     Paragraph 123 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations

## COUNT VIII
## UNJUST ENRICHMENT
### (as to UWS and AGUIEUS)

124.     BINGHAM hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

125.     Paragraph 125 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations

126.     Paragraph 126 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations.

127.     Paragraph 127 does not assert claims against BINGHAM.  However, to the extent any response is required, BINGHAM denies all such allegations

## AFFIRMATIVE DEFENSES

## FIRSTAFFIRMATIVE DEFENSE (AS TO ALL COUNTS)
### (Failure to State A Claim)

Plaintiff, ADAMS ARMS, LLC, failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)
### (Failure To State a Cause of Action for Misappropriation of Trade Secrets)

BINGHAM states that AA has failed to state a cause of action.  In order to sustain a cause of action for trade-secret, Plaintiff must allege and prove: (1) it has some valuable business information that it has kept secret; (2) the information is not generally known; and (3) the Defendant has used that secret.

AA failed to state a cause of action because: (1) the information related to the design of the rifle is public knowledge and is commonly used throughout the industry.  In fact, all of AA's information is public domain with respect to the AA rifle platform. The rifle design and associated components have been in existence and been widely used throughout the rifle industry since Eugene Stoner designed the rifle and components in 1955; (2) The rifle that would potentially be co-manufactured with FAME does not incorporate any AA designs or components; (3) AA never divulged secret information to BINGHAM and correspondingly BINGHAM never disclosed secret information with the other Defendants or third parties.

### THIRD AFFIRMATIVE DEFENSE (AS TO COUNTS II, V, AND VI)
**(No Breach of NDA/No Exposure to confidential information)**

BINGHAM was never provided confidential information, trade secrets or proprietary information of any kind.  The allegations contained in Paragraphs 33 and 34, 85, 87, 92, and 93 are patently false.   Correspondingly, it was impossible for BINGHAM to divulge any confidential information, trade secrets or proprietary information when BINGHAM never received the information in the first place.  However, all the information alleged to have been communicated to BINGHAM has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA                                   and https://www.youtube.com/watch?v=KKSs42MGyj0. By virtue of these public utterances, AA has

waived the right to pursue any claims pursuant to the NDA and waived any rights to pursue any intellectual property claims against BINGHAM. Furthermore, BINGHAM would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### FOURTH AFFIRMATIVE DEFENSE
#### (Voluntary exposure of information)

As a separate and complete affirmative defense, BINGHAM would show that by AA's actions in voluntarily disclosing what it purports to be proprietary confidential information, technical data and trade secrets, AA is estopped from seeking redress against any defendant in this claim.

### FIFTH AFFIRMATIVE DEFENSE
#### (Reversed Engineered Product or Process)

As a separate and complete affirmative defense to Count VI, BINGHAM would show that the subject product or process can be reversed engineered.

### SIXTH AFFIRMATIVE DEFENSE
#### (Publicly Available Sources)

As a separate and complete affirmative defense to all Counts, BINGHAM would show that the subject product or process is widely attainable using publicly available sources and/or is known outside of the Plaintiff's business.

### SEVENTH AFFIRMATIVE DEFENSE (AS TO ALL COUNTS)
#### (Independent Development)

AA is not the inventor of the subject rifle.  In fact, BINGHAM designed the subject rifle independently of AA. The rifle that will ultimately be built in conjunction with FAME will not

incorporate any AA parts or designs.  This is due to the fact that AA's rifles could not withstand FAME's required quality control testing.

### EIGHTH AFFIRMATIVE DEFENSE(AS TO ALL COUNTS)
**(Estoppel)**

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and various intellectual property laws. However, all the information alleged to have been communicated to BINGHAM has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA  and https://www.youtube.com/watch?v=KKSs42MGyj0 . By virtue of these public utterances, AA has waived the right to pursue any intellectual property claims against  BINGHAM. Furthermore, BINGHAM would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### NINTH AFFIRMATIVE DEFENSE(AS TO ALL COUNTS)
**(Waiver)**

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and various intellectual property laws. However, all the information alleged to have been communicated to Defendant/ BINGHAM has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA and https://www.youtube.com/watch?v=KKSs42MGyj0 . By virtue of these public utterances AA has waived the right to pursue any intellectual property claims against  BINGHAM. Furthermore,

BINGHAM would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### TENTH AFFIRMATIVE DEFENSE(AS TO COUNT II)
**(No Agreement)**

As a separate and complete affirmative defense, BINGHAM would show that he is not a party to the "NDA" attached to the Plaintiff's complaint.  BINGHAM did not sign the NDA and would show that neither Christian Aurich nor Unified Weapons Systems, Inc. were authorized to execute the "NDA" on his behalf.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Statute of Frauds)**

As a separate and complete affirmative defense, BINGHAM would show that any claim against him by AA is barred by application of Florida's Statute of Frauds.

### TWELFTH AFFIRMATIVE DEFENSE(AS TO ALL COUNTS)
**(Unavailability of Injunctive Relief)**

AA is not entitled to injunctive relief because any injury to it is not immediate and irreparable, AA would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### THRIRTEENTH AFFIRMATIVE DEFENSE(AS TO ALL COUNTS)
**(Failure to Mitigate Damages)**

To the extent that AA has failed to mitigate their damages, AA's recovery should be reduced by any amounts AA has so failed to mitigate.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE(AS TO ALL COUNTS)</u>**
**(Other Affirmative Defenses Based on Later Discovered Evidence)**

BINGHAM reserves all affirmative defenses under Rule 8(c) of the Federal Rules of

Civil Procedure, the Trade Secret and Patent Laws of the United States and any other defenses, at

law or in equity, that may now exist or in the future be available based on discovery and further

factual investigation in this case.


By: _____ *<u>/s/ Matthew B. Sullivan</u>* _____

MATTHEW B. SULLIVAN, ESQUIRE
4756 Central Avenue
St. Petersburg, Florida 33711
Telephone: 727-385-4049
Fax: 727-328-7103
E-mail:  matthewbsullivan@aol.com
*Attorney for BINGHAM*


**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 12, 2016, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.  I further certify that the foregoing document

is being served this day on all counsel of record listed on the Service List via transmission of

Notices of Electronic Filing generated by CM/ECF.


By: _____ *<u>/s/ Matthew B. Sullivan</u>* _____
*Attorney for BINGHAM*


**<u>SERVICE LIST</u>**

CASE NO.  8:16-cv-1503-VMC-AEP

Jaime Austrich, Esquire, jaustrich@slk-law.com
J. Todd Timmerman, Esquire, ttimmerman@slk-law.com
Mindi M. Richter, Esquire, mrichter@slk-law.com
SCHMUKER, LOOP & KENDRICK,  LLP

101 East Kennedy Boulevard, #2800
Tampa, FL  33602
*Attorneys for Plaintiff*

Leonard S. Englander, Esquire, eservice@eflegal.com and chanley@eflegal.com
Beatriz McConnell, Esquire, bmcconnell@eflegal.com and tdillon@eflegal.com
Joseph Wesley Etter, IV, Esquire, jetter@eflegal.com and jkillett@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, FL  33701
*Attorneys for Defendants/UWS and Aurich*