UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

    Plaintiff,

v.   CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS, LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,
USA, Retired,

    Defendants.

_____/

**DEFENDANT, MAJOR GENERAL JAMES W. PARKER, USA, Retired's**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES**

COMES NOW the Defendant, MAJOR GENERAL JAMES W. PARKER, USA, Retired (hereinafter referred to as "PARKER"), by and through his undersigned counsel, and files the following Answer to Plaintiff, ADAMS ARMS, LLC's (hereinafter referred to as "AA") Complaint For Damages and states as follows:

**INTRODUCTION**

1. Without knowledge, therefore denied and strict proof is demanded thereof.

2. Without knowledge, therefore denied and strict proof is demanded thereof.

3. Without knowledge, therefore denied and strict proof is demanded thereof.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## PARTIES, JURISDICTION AND VENUE

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Denied.

16. Admitted for jurisdictional purposes only, otherwise denied.

17. Admitted for jurisdictional purposes only, otherwise denied.

## FACTUAL ALLEGATIONS

18. Without knowledge, therefore denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Denied and strict proof demanded thereof.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Denied.

28. Denied and strict proof demanded thereof.

29. Without knowledge, therefore denied and strict proof demanded thereof.

30. Denied.

31. Without knowledge, therefore denied.

32. Denied.

33. Denied.

34. Admitted only in so far as PARKER signed Exhibit 3.  All other allegations contained in Paragraph 34 are expressly denied.

35. Admitted only in so far as PARKER signed Exhibit 4.  All other allegations contained in Paragraph 34 are expressly denied.

36. Denied.

37. Without knowledge, therefore denied and strict proof demanded thereof.

38. Without knowledge, therefore denied and strict proof demanded thereof.

39. Without knowledge, therefore denied and strict proof demanded thereof.

40. Denied.

41. Denied.

42. Without knowledge, therefore denied and strict proof demanded thereof.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied and strict proof is demanded thereof.

48. Without knowledge, therefore denied and strict proof demanded thereof.

49. Without knowledge, therefore denied and strict proof demanded thereof.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Without knowledge, therefore denied.

59. Denied.

60. Denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Without knowledge, therefore denied.

68. Denied and strict proof is demanded thereof.

69. Denied.

70. Without knowledge, therefore denied.

## COUNT I
## BREACH OF LOI
### (as to UWS)

71. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

72. Paragraph 72 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

73. Paragraph 73 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

74. Paragraph 74 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

75. Paragraph 75 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

76. Paragraph 76 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

## COUNT II
## BREACH OF MUTUAL CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT
### (as to all Defendants)

77. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

78. Denied and strict proof demanded thereof.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT III
## BREACH OF CONFIDENTIAL NON DISCLOSURE AGREEMENT
## (as to General Parker)

84. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## COUNT IV
## BREACH OF CONSULTING SERVICES AGREEMENT
## (as to General Parker)

90. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT V
## MISAPPROPRIATION UNDER THE DEFEND TRADE SECRETS ACT
### (as to all Defendants)

96. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

97. Count V is the subject of a Motion To Dismiss filed by PARKER.

98. Count V is the subject of a Motion To Dismiss filed by PARKER.

99. Count V is the subject of a Motion To Dismiss filed by PARKER.

100. Count V is the subject of a Motion To Dismiss filed by PARKER.

101. Count V is the subject of a Motion To Dismiss filed by PARKER.

102. Count V is the subject of a Motion To Dismiss filed by PARKER.

103. Count V is the subject of a Motion To Dismiss filed by PARKER.

104. Count V is the subject of a Motion To Dismiss filed by PARKER.

105. Count V is the subject of a Motion To Dismiss filed by PARKER.

106. Count V is the subject of a Motion To Dismiss filed by PARKER.

107. Count V is the subject of a Motion To Dismiss filed by PARKER.

108. Count V is the subject of a Motion To Dismiss filed by PARKER.

## COUNT VI
## MISAPPROPRIATION UNDER THE FLORIDA TRADE SECRETS ACT
### (as to all Defendants)

109. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

110. Admitted for jurisdictional purposes only.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## COUNT VII
## UNFAIR COMPETITION UNDER THE LANHAM ACT
**(as to UWS)**

117. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

118. Paragraph 118 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

119. Paragraph 119 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

120. Paragraph 120 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

121. Paragraph 121 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

122. Paragraph 122 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

123. Paragraph 123 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

**COUNT VIII**
**UNJUST ENRICHMENT**
**(as to UWS and AQUIEUS)**

124. PARKER hereby incorporates his responses to Paragraphs 1 through 70 above as if fully set forth herein.

125. Paragraph 125 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations

126. Paragraph 126 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations.

127. Paragraph 127 does not assert claims against PARKER. However, to the extent any response is required, PARKER denies all such allegations

**AFFIRMATIVE DEFENSES**

**FIRSTAFFIRMATIVE DEFENSE**
**(Failure to State A Claim)**

Plaintiff, ADAMS ARMS, LLC, failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Conflict of Interest)**

PARKER is not a director for UWS. Furthermore, PARKER was approached by AA to work as a consultant and/or independent contractor, and not in an agency capacity.

**THIRD AFFIRMATIVE DEFENSE**
**(Impossibility of Performance)**

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and Consulting Services Agreement. However, all the information alleged to have been communicated to PARKER has previously been

published through various public mediums, including but not limited to, the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA and https://www.youtube.com/watch?v=KKSs42MGyj0 . These public utterances have made it impossible for Defendant Parker to perform pursuant to both PARKER's NDA, and the confidentiality provisions of the Consultant Services Agreement. Furthermore, PARKER would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### FOURTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and Consulting Services Agreement. However, all the information alleged to have been communicated to PARKER has previously been published through various public mediums, including but not limited to trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA and https://www.youtube.com/watch?v=KKSs42MGyj0 . These public utterances completely frustrate the purpose of both PARKER's NDA, and the confidentiality provisions of the Consultant Services Agreement.  Furthermore, PARKER would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### FIFTH AFFIRMATVIE DEFENSE
### (Hindering the Performance of the Other)

The one who prevents or makes impossible the performance or happening of a condition precedent upon which his liability by the terms of the contract were made to depend cannot avail himself of its non-performance.  AA has alleged that the Defendants disclosed confidential

information, trade secrets or proprietary information in violation of the NDA and Consulting Services Agreement.  However, all the information alleged to have been communicated to PARKER has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links:

https://www.youtube.com/watch?v=i93N1kWq5EA  and

https://www.youtube.com/watch?v=KKSs42MGyj0 . These public utterances have made it impossible for Defendant Parker to perform pursuant to both PARKER's NDA, and the confidentiality provisions of the consultant services agreement. Furthermore, PARKER would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### SIXTH AFFIRMATIVE DEFENSE
**(Estoppel)**

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and Consulting Services Agreement.  However, all the information alleged to have been communicated to PARKER has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA  and https://www.youtube.com/watch?v=KKSs42MGyj0 . These public utterances estop AA from pursuing any claims against Defendant Parker pursuant to both PARKER's NDA, and the confidentiality provisions of the Consultant Services Agreement. Furthermore, PARKER would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

## SEVENTH AFFIRMATIVE DEFENSE

**(Waiver)**

AA has alleged that the Defendants disclosed confidential information, trade secrets or proprietary information in violation of the NDA and Consulting Services Agreement. However, all the information alleged to have been communicated to PARKER has previously been published through various public mediums, including but not limited to, trade shows and the internet via the following links: https://www.youtube.com/watch?v=i93N1kWq5EA  and https://www.youtube.com/watch?v=KKSs42MGyj0 . By virtue of these public utterances AA has waived the right to pursue any claims against PARKER pursuant to both PARKER's NDA, and the confidentiality provisions of the Consultant Services Agreement. Furthermore, PARKER would show that AA never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

## EIGHTH AFFIRMATIVE DEFENSE
**(Failure To State a Cause of Action for Misappropriation of Trade Secrets)**

PARKER states that Plaintiff/AA has failed to state a cause of action. In order to sustain a cause of action for trade-secret, Plaintiff must allege and prove: (1) it has some valuable business information that it has kept secret; (2) the information is not generally known; and (3) the Defendant has used that secret.

Plaintiff/AA failed to state a cause of action because: (1) the information related to the design of the rifle is public knowledge and is commonly used throughout the industry. The rifle design and associated components have been in existence and been widely used throughout the rifle industry since Eugene Stoner designed the rifle and components in 1955; (2) The rifle that

would potentially be co-manufactured with FAME does not incorporate any AA designs or components; (3) AA never divulged secret information to PARKER and correspondingly PARKER never disclosed secret information with the other Defendants or third parties.

## NINTH AFFIRMATIVE DEFENSE
### (No Breach of NDA or Consulting Services Agreement)

PARKER was never provided confidential information, trade secrets or proprietary information of any kind. The allegations contained in Paragraphs 33 and 34, 85, 87, 92, and 93 are patently false. Correspondingly, it was impossible for PARKER to divulge any confidential information, trade secrets or proprietary information when PARKER never received the information in the first place.

PARKER was contacted by AA months after AA had already started a relationship with the other Defendants. Given that PARKER is being accused of disseminating information to the other Defendants, it becomes critical to point out that any information, technical or not, given to PARKER had already been shared with the other Defendants in this matter.

Furthermore, PARKER was only hired as a consultant and not as a designer or manufacturer. Any information regarding a rifle's manufacture or design was shared with the other Defendants and as previously mentioned had already been shared with the other Defendants prior to Defendant/ PARKER's NDA and Consulting Services Agreement. To this end, pursuant to the Consulting Services Agreement drafted by and construed against AA, the document states as follows:

"6. Confidential Information.

(c) Exceptions. Notwithstanding the other provisions of this Agreement, nothing received by Consultant will be considered to be Confidential Information of the Company if: (i) it has been published or its otherwise readily available to the public other than by a breach of this Agreement; (ii) it has been rightfully

received by Consultant from a third party other than the Company without confidentiality limitations;…"

By virtue of AA's own Consulting Services Agreement, PARKER should not be held liable for the receipt and/or communication of information previously shared with the other Defendants in this matter and when the subject information is public knowledge throughout the rifle industry.

**TENTH AFFIRMATIVE DEFENSE**
**(Unavailability of Injunctive Relief)**

AA is not entitled to injunctive relief because any injury to it is not immediate and irreparable, AA would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Prior Breach)**

AA breached the LOI, NDA, and Consulting Services Agreement, to the extent those documents ever existed, by failing to meet every deadline set forth by the Peruvian Ministry of Defense and FAME and by failing every quality control test required by the Peruvian Ministry of Defense.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Mistake as to NDA)**

The NDA as drafted by, and construed against, AA identifies parker's business purpose as "the business of manufacturing the Company's patented product". AA is well aware PARKER is not a manufacturer. This is a substantial mistake resulting from an inexcusable lack of due care on the part of AA. By contemplating an entirely mistaken purpose the contract should be rescinded and rendered unenforceable. Furthermore, section 15 "Term of Agreement" states that "the Receiving Party shall have ___ days to present a letter of intent setting forth the

terms on which the Receiving Party is willing to proceed with the Business Purpose". The letter of intent was never submitted and those terms were never agreed to and finalized. By virtue of this further mistake the contract should be rescinded and rendered unenforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (NDA is Unconscionable)

The NDA as drafted by, and construed against, AA identifies parker's business purpose as "the business of manufacturing the Company's patented product". AA is well aware PARKER is not a manufacturer. This is a substantial mistake resulting from an inexcusable lack of due care on the part of AA and makes the NDA Unconscionable. By contemplating an impossible purpose the contract should be rescinded and rendered unenforceable. Furthermore, section 15 "Term of Agreement" states that "the Receiving Party shall have ___ days to present a letter of intent setting forth the terms on which the Receiving Party is willing to proceed with the Business Purpose". The letter of intent was never submitted and those terms were never agreed to and finalized. By virtue of the foregoing unconscionable provisions, the contract should be rescinded and rendered unenforceable.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Voluntary exposure of information)

As a separate and complete affirmative defense, PARKER would show that by AA's actions in voluntarily disclosing what it purports to be proprietary confidential information, technical data and trade secrets, AA is estopped from seeking redress against any defendant in this claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Publicly Available Sources)**

As a separate and complete affirmative defense to all Counts, PARKER would show that the subject product or process is widely attainable using publicly available sources and/or is known outside of the Plaintiff's business.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Other Affirmative Defenses Based on Later Discovered Evidence)**

PARKER reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Trade Secret and Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

By: _____*/s/ Matthew B. Sullivan*_____

MATTHEW B. SULLIVAN, ESQUIRE
4756 Central Avenue
St. Petersburg, Florida 33711
Telephone: 727-385-4049
Fax: 727-328-7103
E-mail: matthewbsullivan@aol.com
*Attorney for PARKER*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record listed on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: _____*/s/ Matthew B. Sullivan*_____
*Attorney for PARKER*

**SERVICE LIST**

CASE NO.  8:16-cv-1503-VMC-AEP

Jaime Austrich, Esquire, jaustrich@slk-law.com
J. Todd Timmerman, Esquire, ttimmerman@slk-law.com
Mindi M. Richter, Esquire, mrichter@slk-law.com
SCHMUKER, LOOP & KENDRICK,  LLP
101 East Kennedy Boulevard, #2800
Tampa, FL  33602
*Attorneys for Plaintiff*

Leonard S. Englander, Esquire, eservice@eflegal.com and chanley@eflegal.com
Beatriz McConnell, Esquire, bmcconnell@eflegal.com and tdillon@eflegal.com
Joseph Wesley Etter, IV, Esquire, jetter@eflegal.com and jkillett@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, FL  33701
*Attorneys for Defendants/UWS and Aurich*