UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

    Plaintiff,

v.                                                          CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.

_____/

**DEFENDANT, AGUIEUS, LLC'S, MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT [Doc. 1]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, AGUIEUS, LLC, a Delaware limited liability corporation ("AGUIEUS"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby moves this Honorable Court for an order dismissing Count V of the Complaint [Doc. 1] filed by Plaintiff, ADAMS ARMS, LLC ("AA") for failure to state a claim upon which relief can be granted or in the alternative, moves this Court to require AA to file motion for a more definite statement, and as grounds therefore, shows the following:

*EXECUTIVE SUMMARY*

The Defend Trade Secrets Act which is the subject of Count V, cannot apply to any claim referenced in the Complaint, because it was enacted *after* the alleged misappropriation, and is not retroactive.

*FACTUAL ALLEGATIONS*

*Count V – Misappropriation Under the Defend Trade Secrets Act*

1

Based on Adam's allegations, Defendants' purported misappropriation occurred: (1) when UWS, Inc. acquired the purported trade secrets through improper means of misleading Adams about the business relationship and (2) when UWS, Inc. disclosed the purported trade secrets in connection with the FAME bid. (Compl. ¶ 104-106). These events occurred *after* enactment of the Defend Trade Secrets Act.

## LEGAL ARGUMENT

Count V must be dismissed with prejudice because The Defend Trade Secrets Act *("the Act")* was not effective at the time of AGUIEUS's alleged misappropriation.[1] According to Adams, AGUIEUS. misappropriated Adams' trade secret information by first acquiring it through improper means and later by using it to submit a bid to FAME in December 2015. (Compl. ¶¶ 104-106). Pursuant to the Act, any "continuity" of a misappropriation shall be treated as one misappropriation. *See* 18 U.S.C.A § 1836(d). Accordingly, any purported misappropriation occurred before May 11, 2016, which renders the Act inapplicable. Since the Act does not apply to this case, Count V must be dismissed with prejudice.

## CONCLUSION

Count V of the Complaint must be dismissed with prejudice for failure to state claims upon which relief can be granted. The Act is inapplicable given that it is not retroactive. Given Adams' failure to state a claim upon which relief can be granted, Count V must be dismissed with prejudice.

DATED this 12th day of July, 2016.

---

[1] The Act became effective on May 11, 2016.

By: ___*/s/ Matthew B. Sullivan*___

MATTHEW B. SULLIVAN, ESQUIRE
4756 Central Avenue
St. Petersburg, Florida 33711
Telephone: 727-385-4049
Fax: 727-328-7103
E-mail: matthewbsullivan@aol.com
*Attorney for AGUIEUS*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record listed on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: ___*/s/ Matthew B. Sullivan*___
*Attorney for AGUIEUS*

### SERVICE LIST

CASE NO. 8:16-cv-1503-VMC-AEP

Jaime Austrich, Esquire, jaustrich@slk-law.com
J. Todd Timmerman, Esquire, ttimmerman@slk-law.com
Mindi M. Richter, Esquire, mrichter@slk-law.com
SCHMUKER, LOOP & KENDRICK, LLP
101 East Kennedy Boulevard, #2800
Tampa, FL 33602
*Attorneys for Plaintiff*

Leonard S. Englander, Esquire, eservice@eflegal.com and chanley@eflegal.com
Beatriz McConnell, Esquire, bmcconnell@eflegal.com and tdillon@eflegal.com
Joseph Wesley Etter, IV, Esquire, jetter@eflegal.com and jkillett@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, FL 33701
*Attorneys for Defendant*