**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ADAMS ARMS, LLC,

    Plaintiff,

v.                                         CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.
_____/

**DEFENDANT, UNIFIED WEAPONS SYSTEMS, INC.'S, MOTION TO DISMISS
COUNTS I, II, & V OF PLAINTIFF'S COMPLAINT [Doc. 1]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, UNIFIED WEAPONS SYSTEMS, INC., a Delaware corporation *("UWSI")*, through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Honorable Court for an order dismissing Counts I, II, & V of the Complaint [Doc. 1] filed by Plaintiff, ADAMS ARMS, LLC *("Adams" or "AA")* for failure to state a claim upon which relief can be granted or in the alternative, moves this Court to require the Adams to file motion for a more definite statement, and as grounds therefore, shows the following:

*EXECUTIVE SUMMARY*

The Letter of Intent attached to the Complaint as Exhibit 1 *("LOI")*, and which is the subject of Count I, is not enforceable on its terms and as a matter of law. With respect to Count II, Adam's sole remedy for any purported violation of the Non-Disclosure is between Defendant, Aguieus, LLC (*"Aguieus"*) and Adams. UWSI is not a party either to the LOI or *any* of the Non-

ENGLANDER FISCHER
ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218

eflegal.com

Disclosure agreements attached to the Complaint.  Finally, the Defend Trade Secrets Act *("DTSA")*, which is the subject of Count V, cannot apply to any claim referenced in the Complaint because it was enacted *after* the alleged misappropriation, and is not retroactive.

### *ALLEGATIONS ARE REPUGNANT TO THE EXHIBITS AND FACTS*

### *Count I – Breach of LOI*

The second sentence of LOI expressly states, "This document, in and of itself, does not represent an enforceable legal contract." The LOI does not contain a single monetary term and repeatedly notes that all terms of the *"proposed transaction"* will be set forth in a Purchase Agreement to be negotiated at a later time.

### *Count II- Breach of NDA*

According to the Complaint,

> [o]n or about February 24, 2014, as an inducement for AA to join in the project, **Aguieus** executed a Mutual Confidentiality and Nondisclosure Agreement with AA in which **Aguieus** agreed not to use AA's confidential information, including AA's technical data, trade secrets, and know-how, for its own use or for any purpose … (Emphasis added) (Compl., ¶ 22).

Count II alleges that UWSI, as an affiliate, director, officer, employee, consultant, and/or agent of Aguieus, received Adams' confidential information and was required to acknowledge and agree to be bound by the NDA. (Compl., ¶ 79). There is no agreement attached to the Complaint that is signed by UWSI.

### *Count V – Misappropriation Under the Defend Trade Secrets Act*

Count V alleges that "[t]hroughout AA's development of the designs…AA *revealed trade secrets* to the Defendants relating to AA's business and its rifles…" and that "[o]n January 31, 2016, AA delivered the final demonstration rifles to UWS for final testing in Peru." (Emphasis added) (Compl. ¶ 100, 59). Based on Adam's allegations, UWSI's purported misappropriation occurred: (1) when UWSI acquired the purported trade secrets through improper means of

misleading Adams about the business relationship and (2) when UWSI disclosed the purported trade secrets in connection with the FAME bid. (Compl. ¶ 104-106). These events occurred ***before*** DTSA was enacted on May 11, 2016.

## *LEGAL ARGUMENT REQUIRING DISMISSAL*

For a complaint to withstand dismissal, allegations must contain "sufficient factual matter, accepted as true" for the cause of action to be plausible. *See* Fed. R. Civ. P. 12(b)(6). A determination by a trial court to determine whether a cause of action exists is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id*.; *see also APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009) (citing citations omitted). Bare allegations merely reciting the elements of a claim are conclusory and "not entitled to be assumed true." *APR Energy, LLC*, 653 F. Supp. 2d at 1231 (citing citations omitted).

The LOI contradicts the Complaint's allegations that the LOI is a contract. Typically, letters of intent are considered "agreements to agree" or preliminary frameworks for a future contract, all of which are unenforceable under Florida law. *See e.g. Bergman v. Delulio*, 826 So. 2d 500 (Fla. 4th DCA 2002); *Spanish Broadcasting Sys. of Fla., Inc. v. Alfonso*, 689 So. 2d 1092 (Fla. 3d DCA 1997). "In Florida, 'courts will recognize a contract so long as no essential terms remain open for consideration and negotiation.'" *Berkery v. Pratt*, 390 Fed.Appx. 904, 907 (11th Cir. 2010) (quoting *Townsend Contracting, Inc. v. Jensen Civil Const., Inc.* 728 So.2d 297, 301 (Fla.App. 1999)). "Whether a contract is oral or written, it is essential that the parties mutually agree upon the material terms" *See Winter Haven Citrus Growers Assoc. v. Campbell & Sons Fruit Co.*, 773 So. 2d 96, 97 (Fla. 2d DCA 2000). Essential terms include price. *Merle Wood & Assoc.,*

*Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1302 (S.D. Fla. 2012) (applying Florida law) (citing citations omitted).

In addition, to state a valid claim for breach of contract, in this case breach of the LOI, Adams must allege that a valid contract exists, a material breach, damages, **_and_** that Adams performed all of its obligations or a legal excuse for its nonperformance. *See Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1357 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)).

Here, the LOI expressly states that it relates to a "proposed transaction" and that "[a]ll terms and conditions of the proposed transaction would be stated in the Purchase Agreement, to be negotiated, agreed and executed by you and us." The LOI is devoid of essential contract provisions, such as monetary and financial terms and is not enforceable. Adams also does not sufficiently and succinctly allege that it performed all of its obligations under the LOI, i.e. delivered **_any_** rifles prior to the September 1, 2014 deadline. It was required to do so, but failed and Adams cannot allege that it performed under the alleged contract. The LOI is merely an agreement to agree, and no industry customs or standards can be implemented to formulate the material terms of price or that Adams performed under it in the specified time period. Therefore Count I must be dismissed with prejudice.

Similarly, Count II must be dismissed for failure to state a cause of action upon which relief may be granted because the Non-Disclosure Agreement *("NDA")* contradicts the Complaint's allegations on the face of the Complaint. When the exhibits contradict the general and conclusory allegations in a complaint, the exhibits govern. *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true,

especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citing citations omitted)); *Simmons v. Peavy-Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). In other words, exhibits that directly conflict with the allegations are repugnant to each other and must be stricken. *BAC Funding Consortium, Inc., ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 938 (Fla. 2d DCA 2010) (citing citations omitted).

The Complaint is devoid of any allegations that UWSI signed either the LOI or NDA. Moreover, paragraph 2 of the NDA attached as Complaint's Exhibit "1" provides:

> Each party will require each of its Representatives who has access to Confidential Information of the other party to acknowledge and agree to be bound by this Agreement. In any event, **each party will be liable for any breach of this Agreement by any of its Representatives**…

Paragraph 2 of the NDA, binds *only* Aguieus and Adams, because they are the only signatories. Moreover, given that the NDA mandates that only its parties (i.e., Aguieus and Adams), bear liability, Count II must be dismissed with prejudice against UWSI.

Similarly, Count V must be dismissed with prejudice because DTSA was not in effect at the time of UWSI's alleged misappropriation.[1] According to Adams, UWSI misappropriated Adams' trade secret information by first acquiring it through improper means and later by using it to submit a bid to FAME in December 2015. (Compl. ¶¶ 57, 104-106). Pursuant to the Act, any "continuity" of a misappropriation shall be treated as one misappropriation. *See* 18 U.S.C.A § 1836(d). Accordingly, any purported misappropriation occurred before May 11, 2016, which

---

[1] DTSA became effective on May 11, 2016.

renders DTSA inapplicable.  Since DTSA does not apply to this case, Count V must be dismissed with prejudice.

## *CONCLUSION*

Counts I, II, and V of the Complaint must be dismissed with prejudice for failure to state claims upon which relief can be granted. The LOI expressly declares that it is not a contract, the NDA clearly states that Aguieus and Adams are the only parties subject to liability its terms and the Act is inapplicable given that it is not retroactive. Given Adams' failure to state a claim upon which relief can be granted, Counts I, II, and V must be dismissed with prejudice.

DATED this 13th day of July, 2016.

BY:  /s/ Beatriz McConnell
Leonard S. Englander
*Lead Trial Counsel*
Florida Bar No.: 198846
Primary:  eservice@eflegal.com
Beatriz McConnell
Florida Bar No.: 42119
Primary:  bmcconnell@eflegal.com
Joseph Wesley Etter IV
Florida Bar No.: 83814
Primary:  jetter@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, Florida 33701
Telephone:  (727) 898-7210
Telefax:  (727) 898-7218
*Attorneys for UWS and Mr. Aurich*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically was served through the CM/ECF Filing System, which will send notice to:  Jaime Austrich, Esq., jaustrich@slk-law.com, J. Todd Timmerman, Esq., ttimmerman@slk-law.com,

Mindi M. Richter, Esq., mrichter@slk-law.com, 101 East Kennedy Boulevard, Suite 2800, Tampa, Florida 33602; Aguieus, LLC, c/o Matthew B. Sullivan, Esq., matthewbsullivan@aol.com, 4756 Central Avenue, St. Petersburg, FL 33711; Michael C. Bingham, 7441 Ambleside Drive, Land O'Lakes, FL 34637; Major General James W. Parker, U.S.A, Retired, 929 Allegro Lane, Apollo Beach, FL 33572.