**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADAMS ARMS, LLC,

    Plaintiff,

v.                                  CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.
_____/

**DEFENDANT, CHRISTIAN QUINTANILLA AURICH'S, MOTION TO DISMISS**
**COUNTS II, & V OF PLAINTIFF'S COMPLAINT [Doc. 1]**
**AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, CHRISTIAN QUINTANILLA AURICH (***"Aurich"***), through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Honorable Court for entry of an order dismissing Counts II, & V of the Complaint [Doc. 1] filed by Plaintiff, ADAMS ARMS, LLC ***("Adams" or "AA")***, for failure to state a claim upon which relief can be granted or in the alternative motion for a more definite statement, and in support thereof states as follows:

*EXECUTIVE SUMMARY*

    Count II (Breach of Non-Disclosure Agreement) and Count V (Defend Trade Secrets Act) of the Complaint must be dismissed with prejudice for failure to state claims upon which relief can be granted. With respect to Count II, Adam's sole remedy for any purported violation of the Non-Disclosure is between Aguieus, LLC (***"Aguieus"***) and Adams as Aurich is not a party of the Non-Disclosure agreement attached to the Complaint ***("NDA")***. Finally, the Defend Trade

ENGLANDER FISCHER
ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218

eflegal.com

Secrets Act *("DTSA")*, which is the subject of Count V, cannot apply to any claim referenced in the Complaint, because it was enacted *after* the alleged misappropriation, and is not retroactive.

## FACTUAL ALLEGATIONS

### Count II- Breach of NDA

According to the Complaint,

> [o]n or about February 24, 2014, as an inducement for AA to join in the project, **Aguieus** executed a Mutual Confidentiality and Nondisclosure Agreement with AA in which **Aguieus** agreed not to use AA's confidential information, including AA's technical data, trade secrets, and know-how, for its own use or for any purpose … (Emphasis added) (Compl., ¶ 22).

Count II alleges that Aurich, as an affiliate, director, officer, employee, consultant, and/or agent of Aguieus, received Adams' confidential information and was required to acknowledge and agree to be bound by the NDA. (Compl., ¶ 79). There is no agreement attached to the Complaint that is signed by UWSI.

### Count V – Misappropriation Under the Defend Trade Secrets Act

Count V alleges that "[t]hroughout AA's development of the designs…AA *revealed trade secrets* to the Defendants relating to AA's business and its rifles…" and that "[o]n January 31, 2016, AA delivered the final demonstration rifles to UWS for final testing in Peru." (Emphasis added) (Compl. ¶ 100, 59). Based on Adam's allegations, Aurich's purported misappropriation occurred: (1) when Aurich acquired the purported trade secrets through improper means of misleading Adams about the business relationship and (2) when Aurich disclosed the purported trade secrets in connection with the FAME bid. (Compl. ¶¶ 57, 104-106). These events occurred *before* enactment of DTSA.

## LEGAL ARGUMENT

For a complaint to withstand dismissal, allegations must contain "sufficient factual matter, accepted as true" for the cause of action to be plausible. *See* Fed. R. Civ. P. 12(b)(6). A

determination by a trial court to determine whether a cause of action exists is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.*; *see also APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009) (citing citations omitted). Bare allegations merely reciting the elements of a claim are conclusory and "not entitled to be assumed true." *APR Energy, LLC*, 653 F. Supp. 2d at 1231 (citing citations omitted).

Count II must be dismissed for failure to state a cause of action upon which relief may be granted because the NDA, Complaint's Exhibit "1" [Doc 1], contradicts the Complaint's allegations. When the exhibits contradict the general and conclusory allegations in a complaint, the exhibits govern. *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons v. Peavy-Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). In other words, exhibits that directly conflict with the allegations are repugnant to each other and must be stricken. *BAC Funding Consortium, Inc., ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 938 (Fla. 2d DCA 2010) (citing citations omitted).

      Paragraph 2 of the NDA attached as Complaint's Exhibit "1" provides:

Each party will require each of its Representatives who has access to Confidential Information of the other party to acknowledge and agree to be bound by this

Agreement. In any event, **each party will be liable for any breach of this Agreement by any of its Representatives**…

Pursuant to Paragraph 2 of the NDA and in examining the four corners of the complaint and its allegations, Aguieus and Adams are the *only* signatories. Moreover, given that the NDA mandates that *only* its parties (i.e. Aguieus and Adams) bear liability, Count II must be dismissed with prejudice.

Similarly, Count V must be dismissed with prejudice because DTSA was not effective at the time of Aurich's alleged misappropriation.[1] According to Adams, Aurich misappropriated Adams' trade secret information by first acquiring it through improper means and later by using it to submit a bid to FAME in December 2015. (Compl. ¶ 104-106). Pursuant to DTSA, any "continuity" of a misappropriation shall be treated as one misappropriation. *See* 18 U.S.C.A § 1836(d). Accordingly, any purported misappropriation occurred before May 11, 2016, which renders DTSA inapplicable. Since DTSA does not apply to this case, Count V must be dismissed with prejudice.

## CONCLUSION

Counts II and Count V of the Complaint must be dismissed with prejudice for failure to state claims upon which relief can be granted. Paragraph 2 of the NDA clearly states that Aguieus and Adams are the only parties subject to liability under the NDA and the Defend Trade Secrets is inapplicable given that it is not retroactive. Given Adams' failure to state a claim upon which relief can be granted, Counts II, and V against Aurich must be dismissed with prejudice.

DATED this 13th day of July, 2016.

BY: */s/ Beatriz McConnell*
Leonard S. Englander

---

[1] DTSA became effective on May 11, 2016.

*Lead Trial Counsel*
Florida Bar No.: 198846
Primary:  eservice@eflegal.com
Beatriz McConnell
Florida Bar No.: 42119
Primary: bmcconnell@eflegal.com
Joseph Wesley Etter IV
Florida Bar No.: 83814
Primary: jetter@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, Florida 33701
Telephone:  (727) 898-7210
Telefax:  (727) 898-7218
*Attorneys for UWS and Mr. Aurich*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically was served through the CM/ECF Filing System, which will send notice to:  Jaime Austrich, Esq., jaustrich@slk-law.com, J. Todd Timmerman, Esq., ttimmerman@slk-law.com, Mindi M. Richter, Esq., mrichter@slk-law.com, 101 East Kennedy Boulevard, Suite 2800, Tampa, Florida 33602; Aguieus, LLC, c/o Matthew B. Sullivan, Esq., matthewbsullivan@aol.com, 4756 Central Avenue, St. Petersburg, FL 33711; Michael C. Bingham, 7441 Ambleside Drive, Land O'Lakes, FL 34637; Major General James W. Parker, U.S.A, Retired, 929 Allegro Lane, Apollo Beach, FL 33572.