## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ADAMS ARMS, LLC,

      Plaintiff,

v.                             CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

      Defendants.

_____/

### DEFENDANT, CHRISTIAN QUINTANILLA AURICH'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT [DOC 1]

      Defendant, CHRISTIAN QUINTANILLA AURICH, through his undersigned

counsel and pursuant to Fed. R. Civ. P. 8, hereby answers Plaintiff, ADAMS ARMS, LLC's

*("Adams" or "Plaintiff")* Complaint as follows:

### *Introduction*

    1.    Denied.

    2.    Without knowledge and therefore Denied.

    3.    Without knowledge and therefore Denied.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

9.      Admit that Adams is seeking relief; Deny all other allegations of fact in the paragraph.

### Parties, Jurisdiction and Venue

10.      Admit.

11.      Admit that Unified Weapon Systems, Inc. is a Delaware corporation with a principal place of business in Hillsborough County, Florida.   Denied that Unified Weapon Systems, Inc., a Delaware corporation is a subsidiary of Aguieus.

12.      Admit.

13.      Admit that Michael C. Bingham is the managing member of Aguieus.   Denied that Michael C. Bingham is the Chief Operating Officer of Unified Weapon Systems, Inc.

14.      Admit.

15.      Denied that Major General Parker is a Director and the Senior Military Advisor for Unified Weapon Systems, Inc. Admit that General Parker is a retired Major General from the United States Army and resides in Hillsborough County, Florida.

16.      Admit for jurisdictional purposes only.

17.      Admit for jurisdictional purposes only.

### Factual Allegations

18.      Without knowledge as to Aguieus's communication with ADAMS "in early 2014".

19.      Without knowledge as to Michael C. Bingham's communications with Adams.

20.      Without knowledge as to Michael C. Bingham's communications with Adams.

21.      Without knowledge as to Michael C. Bingham's communications with Adams.

22.      Admit.

23.     Denied.

24.     Denied.

25.     The instrument speaks for itself.   Any other inference or allegation of the paragraph is Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Without knowledge as to Michael C. Bingham's communications with Adams.

32.     Without knowledge as to General Parker's communications with Adams.

33.     Without knowledge as to General Parker's communications with Adams.

34.     Without knowledge as to General Parker's communications with Adams.

35.     Without knowledge as to General Parker's communications with Adams.

36.     Without knowledge as to General Parker's communications with Adams.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Without knowledge as to Michael C. Bingham or General Parker's communications with Adams.

41.     Denied.

42.     Without knowledge as to Michael C. Bingham's communications with Adams.

43.     Admit that Adams attended a demonstration of weapons in Peru.  Deny that Unified Weapons Systems, Inc. leveraged Adams' name.  Without knowledge as to Adams' knowledge.

44.     Denied.

45.     Without knowledge as to Michael C. Bingham's communications with Adams. Adams did not supply information to Unified Weapons Systems, Inc.

46.     Without knowledge as to Michael C. Bingham's communications with Adams. Denied as to the remaining allegations of the paragraph.

47.     Denied.

48.     Without knowledge as to Michael C. Bingham's communications with Adams.

49.     Without knowledge as to Michael C. Bingham's communications with Adams.

50.     Without knowledge as to Michael C. Bingham's communications with Adams. Denied as to the remaining allegations of the paragraph.

51.     Without knowledge as to Michael C. Bingham's communications with Adams.

52.     Without knowledge as to Michael C. Bingham's communications with Adams.

53.     Without knowledge as to Michael C. Bingham's communications with Adams.

54.     Denied.

55.     Without knowledge as to General Parker's communications with Adams.

56.     Without knowledge as to General Parker's communications with Adams.

57.     Admit that on December 18, 2015 FAME announced that Unified Weapons Systems, Inc. had won a bid.

58.     Admit FAME's press release; otherwise Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Admit.

67.     Admit.

68.     Denied.

69.     Denied.

70.     Without knowledge and therefore Denied.

### Count I
### (Breach of LOI against Unified Weapons Systems only)

71. –76. The allegations of Count I are directed solely to another Defendant.

### Count II
### (Breach of NDA against all Defendants)

77.–83.   Count II is the subject of a Motion To Dismiss filed by Christian Quintanilla

Aurich.

### Counts III and IV
### (Breach of Confidentiality of NDA and Breach of
### Services Agreement – against General Parker only)

84.–95.   The allegations of Count III and IV are directed solely to another Defendant.

### Count V
### (Breach of DTSA against all Defendants)

96.–108.   Count V is the subject of a Motion To Dismiss filed by Christian Quintanilla

Aurich.

**Count VI**
*(Breach of FUTSA against all Defendants)*

109.  Christian Quintanilla Aurich realleges his answers to paragraphs 1 through 70 and 97 through 108 herein.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

**Counts VII and VIII**
*(Unfair Competition under Lanham Act against UWSI and*
*Unjust Enrichment against UWSI and Aguieus)*

117.–127. The allegations of Counts VII and VIII are directed solely to other Defendants.

**FIRST AFFIRMATIVE DEFENSE**
*(Failure to state a cause of action)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that ADAMS has failed to state causes of action against this Defendant.

**SECOND AFFIRMATIVE DEFENSE**
*(Impossibility of Performance)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that the MOD Proposal failed to come to fruition and any of ADAMS's claims are barred by impossibility of performance.

### THIRD AFFIRMATIVE DEFENSE
*(Failure of Condition Precedent)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that the MOD Proposal contained conditions precedent which were not fulfilled.

### FOURTH AFFIRMATIVE DEFENSE
*(Failure of Condition Subsequent)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that the MOD Proposal contained conditions subsequent that were not fulfilled.

### FIFTH AFFIRMATIVE DEFENSE
*(ADAMS cause of MOD Failure)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that the failure to bring the MOD Proposal to contract was singularly due to the failure of Adams to develop or construct a rifle that met the specifications of MOD.

### SIXTH AFFIRMATIVE DEFENSE
*(Aurich never affiliate of Aguieus)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that he is not now, nor has he ever been an affiliate, director, officer, employee, consultant or agent of Aguieus and should not be vicariously responsible for its actions or inactions.

### SEVENTH AFFIRMATIVE DEFENSE
*(No exposure to Confidential Information)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that Adams never provided him with *any* proprietary confidential information, technical data, trade secrets or know how that he didn't already possess, or that he had ready access to through public means.

### EIGHTH AFFIRMATIVE DEFENSE
*(Voluntary exposure of information)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that Adams disclosed its proprietary confidential information, technical data and trade secrets voluntarily and openly to persons, private entities and governmental bodies without seeking to protect or preserve the purported secret character of the information, data and secrets, and has therefore waived any right to seek redress against any defendant in this claim.

### NINTH AFFIRMATIVE DEFENSE

*(Voluntary exposure of information)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that by Adams' actions in voluntarily disclosing what it purports to be proprietary confidential information, technical data and trade secrets, Adams is estopped from seeking redress against any defendant in this claim.

## TENTH AFFIRMATIVE DEFENSE
### *(Statute of Frauds)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich would show that any claim against him by Adams is barred by application of Florida's Statute of Frauds.

## ELEVENTH AFFIRMATIVE DEFENSE
### *(No use Confidential Information)*

As a separate and complete affirmative defense, Christian Quintanilla Aurich never employed proprietary, confidential information, technical data, trade secrets or know that uniquely or independently belonged to Adams.

## TWELFTH AFFIRMATIVE DEFENSE
### *(Reversed Engineered Product or Process)*

As a separate and complete affirmative defense to Count VI, Christian Quintanilla Aurich would show that the subject product or process can be reversed engineered.

## THIRTEENTH AFFIRMATIVE DEFENSE
### *(Publicly Available Sources)*

As a separate and complete affirmative defense to Count VI, Christian Quintanilla Aurich would show that the subject product or process is widely attainable using publicly available sources and/or is known outside of the Plaintiff's business.

## FOURTEENTH AFFIRMATIVE DEFENSE
### *(Independent Development)*

As a separate and complete affirmative defense to Count VI, Christian Quintanilla Aurich would show that the subject product or process for a gas piston system can be independently developed as he has a license acquiring one, and/or has acquired such information in a "clean room" environment.

## FIFTEENTH AFFIRMATIVE DEFENSE
### *(Lack of Requisite Economic Value)*

As a separate and complete affirmative defense to Count VI, Christian Quintanilla Aurich would show that the trade secrets lack the requisite economic value to qualify for trade secret protection.

DATED this 13th day of July, 2016.

BY:   */s/ Leonard S. Englander*
Leonard S. Englander
*Lead Trial Counsel*
Florida Bar No.: 198846
Primary:  eservice@eflegal.com
Beatriz McConnell
Florida Bar No.: 42119
Primary: bmcconnell@eflegal.com
Joseph Wesley Etter IV
Florida Bar No.: 83814
Primary: jetter@eflegal.com
ENGLANDER FISCHER
721 First Avenue North
St. Petersburg, Florida 33701
Telephone:  (727) 898-7210
Telefax:  (727) 898-7218
*Attorneys for UWS and Mr. Aurich*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically was served through the CM/ECF Filing System, which will send notice to:  Jaime Austrich, Esq., jaustrich@slk-law.com, J. Todd Timmerman, Esq., ttimmerman@slk-law.com, Mindi M. Richter, Esq., mrichter@slk-law.com, 101 East Kennedy Boulevard, Suite 2800, Tampa, Florida 33602; Aguieus, LLC, c/o Matthew B. Sullivan, Esq., matthewbsullivan@aol.com,  4756 Central Avenue, St. Petersburg, FL 33711; Michael C. Bingham, 7441 Ambleside Drive, Land O'Lakes, FL 34637; Major General James W. Parker, U.S.A, Retired, 929 Allegro Lane, Apollo Beach, FL 33572.