UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

    Plaintiff,

vs.                                                CASE NO. 8:16-cv-1503-VMC-AEP

UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS,LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.
_____/

## STIPULATED AGREEMENT

Plaintiff, Adams Arms, LLC ("Plaintiff"), and Defendants, Unified Weapon Systems, Inc., Aguieus, LLC, Michael Bingham, Christian Quintanilla Aurich, and Major General James W. Parker (collectively, "Defendants"), hereby stipulate and agree to the following and the Court entering an Order ratifying and approving the following:

1. In this action, Plaintiff has sued Defendants alleging, in part, that they have received and are using and disclosing, and will in the future use and disclose, without Plaintiff's consent or authorization, "Confidential Information" and "Trade Secrets" owned by and belonging to Plaintiff.

2. As used in this Agreement, "Confidential Information" means all information, technical data, trade secrets or know-how of Plaintiff or its customers, vendors, business partners or investors that has been previously provided or is hereafter provided to Defendants by or on behalf of Plaintiff, either directly or indirectly, whether in writing, orally or by observation, including, but not limited to, research, products, services, product plans, clients, client lists, employees, employee lists, lead lists, markets, marketing, expansion plans, databases, devices, software, developments, inventions, processes, technology, maskworks, designs, drawings, engineering, hardware configuration information, finances, financial information, financial results, business methods, business plans, strategies and programs, operating and production procedures or other business information, in each case which Plaintiff considers to be confidential or proprietary.

3. As used in this Agreement, "Trade Secrets" means Confidential Information, including formulas, patterns, compilations, programs, devices, methods, techniques, and processes, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4. As used in this Order, the terms "Confidential Information" and "Trade Secrets" do not include (a) information provided by Plaintiff to Defendants for and that was included by Defendants in their written bid submitted to Fabrica de Armas y Municiones Del Ejercito - FAME S.A.C. ("FAME") on December 10, 2015, or (b) information, technical data, trade secrets or know-how that: (i) is in the possession of Defendants on a non-confidential basis and such information was received from a source not bound by any obligation not to disclose the information, (ii) prior to or after the time of disclosure, becomes part of the public knowledge or literature, not as a result of any inaction or action of Defendants, or (iii) is approved for release by Plaintiff.

5. Defendants deny that they have ever received any Confidential Information or Trade Secrets from Plaintiff, and if they have that they are not now using such information or have disclosed or plan to disclose it to others for use.

6. Plaintiff has filed a Motion for Preliminary Injunction seeking to enjoin Defendants from further using or disclosing Plaintiff's Confidential Information and Trade Secrets.

7. Given Defendants' position that they have neither received, nor used or disclosed, any of Plaintiff's Confidential Information or Trade Secrets, the parties seek to avoid the needless expenditure of attorney's fees and judicial resources, and Defendants are willing to stipulate and agree with Plaintiff that Defendants will not use or disclose Plaintiff's Confidential Information and Trade Secrets.

8. Nothing contained herein shall be construed to prevent any party from pursuing monetary or other claims in this or any other action.

9. Based on the foregoing, and subject to the exceptions in paragraph 4, the parties stipulate and agree as follows:

(a) Neither Defendants, nor their representatives, officers, agents, servants, lessees, employees, affiliates, subsidiaries, or other other persons or entities in active concert or participation with them, will use or disclose any of Plaintiff's Confidential Information or Trade Secrets;

(b) Defendants will return to Plaintiff all of Plaintiff's Confidential Information and Trade Secrets that they may find in their possession, custody, or control. This does not obligate Defendants to undertake any independent search for Plaintiff's Confidential Information or Trade Secrets, nor will the return of any information be deemed an admission by Defendants that the same constitutes Plaintiff's Confidential Information or Trade Secrets.

10. The parties agree that they will not publish any comment, press release, or statement relating to this Order outside of a legal proceeding.

11. The entry of the Order contemplated herein shall not be used by either party as an admission or denial of liability of any claim asserted or which could be asserted in this action, nor shall it constitute a waiver of any claims or defenses by any party.

12. Nothing herein shall prohibit the parties from providing a copy of this Stipulation and Order to FAME or any other individual customer or potential customer and answering any questions they may have.

13. The Court shall retain jurisdiction to enforce the terms of this Stipulated Order, including, but not limited to, by an order of contempt.

DATED: July 19, 2016.

ADAMS ARMS, LLC

By: _____
Michael J. Froning, President/CEO

UNIFIED WEAPON SYSTEMS, INC.

By: _____
Name: Cristhian Quintanilla Aurich
Title: President / CEO

AGUIEUS, LLC

By: _____
Name: MICHAEL C. BINGHAM
Title: MANAGING MEMBER

_____
Michael C. Bingham

_____
Christian Quintanilla Aurich

3

                                                                                    _____

                                                                                    Major General James W. Parker

/s/ *J. Todd Timmerman*
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@slk-law.com
Jaime Austrich
Florida Bar No. 0084565
jaustrich@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Plaintiff, Adams Arms, LLC*

/s/ *Leonard S. Englander*
Leonard S. Englander
Florida Bar No. 198846
Primary: eservice@eflegal.com
Secondary: chanley@eflegal.com
Beatriz McConnell
Florida Bar No. 42119
Primary: bmcconnell@eflegal.com
Secondary: tdillon@eflegal.com
Joseph Wesley Etter, IV
Florida Bar No. 83814
Primary: jetter@eflegal.com
Secondary: jkillett@eflegal.com
Englander Fischer
721 First Avenue North
St. Petersburg, Florida 33701
Telephone: (727) 898-7210
Facsimile: (727) 898-7218

*Attorneys for Unified Weapon Systems, Inc. and Christian Quintanilla Aurich*

/s/ *Matthew B. Sullivan*
Matthew B. Sullivan
Florida Bar No. 018 5876
matthewbsullivan@aol.com
4756 Central Avenue
St. Petersburg, Florida 33711
Telephone: (727) 385-4049
Facsimile: (727)328-7103

*Attorney for Aguieus, LLC, Michael C. Bingham and Major General James W. Parker*

Ratified and approved as the
Order of this Court

5