UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ADAMS ARMS, LLC,**

    Plaintiff,

v.                                    Case No.: 8:16-CV-1503-T-33AEP

**UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS, LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,**

    Defendants.
_____/

**ADAMS ARMS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS UNIFIED WEAPON SYSTEMS, INC. AND CHRISTIAN QUINTANILLA AURICH'S <u>MOTION FOR LEAVE TO FILE A REPLY</u>**

    Defendants Unified Weapon Systems, Inc. and Christian Quintanilla Aurich filed a Motion for Leave to File a Reply (Dkt. 78) in further support of their pending Motion to Dismiss (Dkt. 77). Reply briefs are not permitted in this District absent leave of Court, and pursuant to Local Rule 3.01(d), a party desiring to file a reply brief must file a motion for leave to do so, which is not to exceed three pages and shall not include the proposed reply. In addition, pursuant to Local Rule 3.01(g), before filing a motion seeking leave to file a reply, the requesting party must properly confer with opposing counsel in a good faith effort to resolve the issues raised by the motion.

    Defendants' Motion for Leave to File a Reply should be denied for two reasons. First, Defendants' Motion fails to provide any justifiable reason for the Court to depart from the general rule prohibiting reply briefs. In support of its Motion, Defendants provide only a single sentence, stating that "[t]he Response raised new legal arguments that the Defendants must

1

address in order to fully advocate their position." Dkt. 78 at 1.  While Adams Arms is mindful that parties desiring a reply brief should not include the reply brief in their motion for leave to file a reply, the desiring party must still provide the Court good cause for the need to file a reply, i.e. explain specifically why a reply is necessary.  *See e.g., McDonald v. United States*, 2013 WL 3901871, at *1 n. 3 (M.D. Fla. July 29, 2013) ("While parties may ask for leave to file a reply, they must show good cause."); *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar.25, 2014) (denying leave to file a reply brief where such brief would not aid the Court's resolution of the underlying motion); *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, *2 (M.D. Fla. July 13, 2011) (denying motion for leave to file a reply due to failure to provide sufficient justification for needing a reply).  In this instance, the Defendants' blanket statement that Adams Arms' Response "raises new legal arguments" with no further detail is insufficient and in no way demonstrates entitlement to a reply brief.  The Response to the Motions to Dismiss, which responded to five motions to dismiss in one brief, was only fifteen pages and merely responded to each of the Defendants' arguments on a claim by claim basis.  There are no "new legal arguments" raised in the Response, and if there was a particular point that Defendants felt was in some way new and required further briefing, they could and should have explained that to the Court in an attempt to show good cause for leave to file a reply to be permitted.  If Defendants' Motion was granted with such bare bones justification provided, parties would presumably be entitled to a reply brief anytime they filed a motion for leave to file one, which is far from the standard in this District.

      Second, Defendants' Motion should be denied for failure to confer in good faith under Local Rule 3.01(g) before filing it.  Defendants' counsel called the undersigned counsel to ask if Adams Arms would oppose a motion for leave to file a reply, but when the undersigned counsel

asked why the Defendants felt a reply was needed or what arguments in the Response they felt required a reply so that the same could be considered, counsel would not say. Undersigned counsel never stated that Defendants must "delineate all arguments to be raised in the Reply," but understandably was not in a position to consent to the motion when Defendants' counsel would not provide any information on why they felt a reply was necessary. Adams Arms asserts that Defendants' failure to provide any reasoning for needing a reply before filing their motion does not constitute a good faith conference to satisfy Local Rule 3.01(g). Given that Defendants' current Motion also does not provide any real reasoning for needing a reply, Adams Arms asserts that the answer is simply there is no need for a reply other than Defendants' desire to make further argument on their pending Motion to Dismiss.

WHEREFORE, Adams Arms respectfully requests the Court to deny Defendants' Motion for Leave to File a Reply.

Dated: August 1, 2016.

Respectfully submitted,

/s/ Mindi M. Richter
Jaime Austrich, Trial Counsel
Florida Bar No. 84565
jaustrich@slk-law.com
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

*Attorneys for Plaintiff, Adams Arms, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ Mindi M. Richter
Attorney
