**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADAMS ARMS, LLC,

    Plaintiff,

v.                                        CASE NO.: 8:16-cv-1503-VMC-AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.

_____/

**DEFENDANTS, AGUIEUS, LLC AND MICHAEL BINGHAM'S, EMERGENCY MOTION TO QUASH, FOR PROTECTIVE ORDER, FOR INTERIM ORDER PENDING ADJUDICATION AND INCORPORATED MEMORANDUM OF LAW**

Defendants, AGUIEUS, LLC, a Delaware limited liability company, and MICHAEL BINGHAM (collectively *"Defendants"*), through their undersigned counsel and pursuant to Fed. R. Civ. P. 45 and 26, hereby file this Emergency Motion to Quash, for Protective Order, for Interim Order Pending Adjudication, and Incorporated Memorandum of Law to prevent Plaintiff, ADAMS ARMS, LLC's, intentional harassment of Defendants, their vendors and potential vendors, and the mass disclosure of potential trade secrets. In support, Defendants state:

**NEED FOR EMERGENCY RELIEF**

Emergency relief from this Honorable Court is necessary to prevent Plaintiff's continued abuse of the privilege to issue subpoenas in legal proceedings[1], prevent the disclosure of Defendants' confidential and proprietary information without appropriate designations, and

---

[1] "The court protects all persons from abuse under Rule 45 subpoena power, including the parties to the litigation and the non-party receiving the subpoena." *Leprino Foods Co. v. DCI, Inc.*, 94 Fed. R. Evid. Serv. 1090 (D. Colo. 2014) (citation omitted); *see also Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) (protections set forth in Fed. R. Civ. P. 45 are "intended to prevent abuse of the subpoena power").

confine the irreparable damage the Plaintiff has already caused and is continuing to cause to the relationships that Defendants enjoy with its vendors, customers and other industry businesses.

## FACTUAL BACKGROUND

Plaintiff is a weapons manufacturer based in the Tampa Bay area. (Compl. ¶ 2). On June 10, 2016, Plaintiff initiated this action by way of its Complaint [Doc. 1], in part seeking injunctive relief against Defendants premised on a claim that Defendants misappropriated Plaintiff's purported trade secrets. Defendants have not misappropriated Plaintiff's purported trade secrets. On July 19, 2016, the parties attended an all-day mediation that produced a Stipulated Agreement (*"Stipulation"*) which affirmed that the Defendants had not misappropriated any of Plaintiff's purported trade secrets in the past, and further affirmed that they would not do so in the future. The Stipulation thereby obviated the need for an injunction hearing.

All parties were careful to include provisions that prohibited distribution, comment or publication of the instrument with the limited exception of disclosing the instrument if necessary, in legal proceedings.

- *"The parties agree that they will not publish any comment, press release, or statement relating to this Order outside of a legal proceeding"*

- *"Nothing herein shall prohibit the parties from providing a copy of this Stipulation and Order to FAME or any other individual customer or potential customer and answering any questions they may have."* [Doc. 67, ¶¶ 10, 12].

On August 3, 2016, and without any prior email or telephone call, Defendants' counsel received – *via US Mail* – a package dated **August , 2016,** containing Plaintiff's notice that it was serving duces tecum subpoenas on 33 non-parties (*"Notice"*). The Notice contained thirty-three

(33) cover letters, subpoenas to non-parties ("*Subpoenas*"), a copy of the Stipulation and Court Order adopting the Stipulation. An illustrative sample of the package to be served on each non-party is attached hereto as **Exhibit "A"**. Plaintiff requested delivery of six broad categories of documents from the recipients:

**EXHIBIT A**
(the applicable time period for each request is 2014 to the present)

1. Any communications with Unified Weapon Systems, Inc.; Aguieus, LLC; Michael Bingham; Christian Quintanilla Aurich; Major General James W. Parker, USA, Retired (collectively referred to as "the Defendants"); and/or any third party acting on behalf of any of the Defendants.

2. Any documents that in any way reference any of the Defendants.

3. Any communications with the Ministry of Defense of the Republic of Peru ("Peruvian MOD"), the Peruvian military, and/or the Peruvian Factory of Weapons and Ammunition from the Army S.A.C. ("FAME").

4. Any documents related to or that in any way reference the Peruvian MOD, the Peruvian military, and/or FAME.

5. Any documents related to or that in any way reference Adams Arms, LLC or Adams Arms, LLC weapons or weapon parts (excluding any documents provided to you directly by Adams Arms, LLC or created as a result of business done directly with and for Adams Arms, LLC).

6. Any communications that relate to or in any way reference Adams Arms, LLC or Adams Arms, LLC weapons or weapon parts (excluding any communications directly with Adams Arms, LLC).

Of the thirty-three subpoenas, AO Precision Manufacturing, LLC, Artisan Arms, LLC, and Trenton Forging Company are in possession of Defendants' trade secret information. (Bingham Aug. 9, 2016, Dec. ¶4). Compliance with the Subpoenas will result in disclosure of the Defendants' trade secret information to the Plaintiff.

In addition to the Subpoenas that requested production of enumerated documents and materials, each Subpoena was accompanied by a letter improperly explaining that the non-party should comply with the subpoena by mailing the materials to the Plaintiff's counsel in Tampa, Florida. Importantly, each letter gratuitously included a full copy of the Stipulation, even though

the subpoenas make *no reference* to the Stipulation. The enclosed Stipulation was complete with highlighting of only the following provision:

> Neither Defendants, nor their representatives, officers, agents, servants, lessees, employees, affiliates, subsidiaries, or other other [sic] persons or entities in active concert or participation with them, will use or disclose any of Plaintiff's Confidential Information or Trade Secrets.

Noticeably absent from either the letter or the Subpoena is: (1) any caution that the recipient should refrain from disclosing any of Defendants' confidential information or trade secrets, or (2) a candid acknowledgement that Plaintiff's "Confidential Information and Trade Secrets" *does not include* information previously provided to the Defendants by the Plaintiff for inclusion in the Defendants' bid to FAME. These are express exceptions delineated in Paragraph 4 of the Agreement.

> 4. As used in this Order, the terms "Confidential Information" and "Trade Secrets" do not include (a) information provided by Plaintiff to Defendants for and that was included by Defendants in their written bid submitted to Fabrica de Armas y Municiones Del Ejercito - FAME S.A.C. ("FAME") on December 10, 2015, or (b) information, technical data, trade secrets or know-how that: (i) is in the possession of Defendants on a non-confidential basis and such information was received from a source not bound by any obligation not to disclose the information, (ii) prior to or after the time of disclosure, becomes part of the public knowledge or literature, not as a result of any inaction or action of Defendants, or (iii) is approved for release by Plaintiff.

[Doc. 67, ¶ 4, 9(a)].

By including the selectively highlighted and irrelevant Agreement with the Subpoenas, it is apparent that Plaintiff is on a campaign to damage Defendants' business reputation by using the Subpoenas to harass Defendants and discourage vendors in this region from working with Defendants in their fulfillment of obligations. Inclusion of the Stipulation was irrelevant and unnecessary for Plaintiff to avail itself of the use of subpoena power afforded by the rules. Not only has issuance of the Subpoenas violated multiple and obvious provisions of the Federal Rules of Civil Procedure, gratuitous enclosure of the Stipulation is an obvious violation of the

Stipulation itself.  It is clear that the entire process is driven by a continued misguided and malicious effort to harass and injure the Defendants through legal process[2].

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

#### I.
#### Plaintiff intentionally refused to comply with the requirements of FRCP Rule 45(a)(4)

FRCP Rule 45(a)(4) clearly provides that:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Instead of affording Defendants with notice of the Plaintiff's intention to issue third party subpoenas, it sent the notices via U.S. Mail, thereby insuring that Defendants would have no opportunity to object or stop their service.  Plaintiff had freely used email and telephone to communicate with Defendants' counsel since appearance of Defendants' counsel in this case, yet purposely elected not to communicate with those modes in this instance.  The title to Rule 45(a)(4) is "Notice to Other Parties *Before* Service." (Emphasis added).  Plaintiff intentionally insured the rule would be circumvented and eviscerated.

The Subpoenas should be quashed because Plaintiff failed to serve Defendants with adequate notice of the Subpoenas *before* service.  Therefore, Plaintiff violated the spirit of Fed.R.Civ.P. Rule 45(a)(4) entitled "Notice to Other Parties **Before** Service." (Emphasis added). "A court may properly quash a subpoena when the serving party fails to provide notice to another party." *F.D.I.C. v. Kaplan*, 8:14-CV-2484-T-27JSS, 2015 WL 4744361, at *2 (M.D. Fla. 2015) (citing *Firefighter's Inst. For Racial Equal. Ex rel. Anderson v. City of St. Louis*, 220 F.3d

---

[2] The Plaintiffs entire injunction effort was a manufactured ruse, as was its claim that the materials attached to the Affidavit supporting the injunction needed to be under seal. The Defendants did not misappropriate any property of the Plaintiff.

898, 903 (8th Cir. 2000); *Fla Media, Inc. v. World Publ'ns, LLC*, 236 FRD 693, 695 (M.D. Fla. 2006)); *see also Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) ("Defendants have standing to move to quash or modify the subpoena based on inadequate notice…a party has standing to move to enforce the Court's orders and rules.") (citing *Central Bank of Tampa v. Transamerica Ins. Group*, 128 FRD 285 (M.D. Fla. 1989) (granting defendant's motion to quash and for a protective order as to subpoena directed to non-party that did not comply with Fed. R. Civ. P. 27)) (further citation omitted). Here, the letters accompanying the Subpoenas are all dated August 1, 2016, and evidence that Plaintiff dropped notice to Defendants in the mail while simultaneously attempting hand delivery on the non-parties. Such service ensured delayed service on Defendants and immediate service on the non-parties in circumvention of Rule 45(a)(4).

Fed. R. Civ. P. 45(d)(3)(A)(iii) states, in pertinent part that a court "must quash or modify a subpoena that requires disclosure of privileged or other protected matter." Similarly, Rule 45(d)(3)(B)(i) provides that a court "may quash or modify a subpoena if it requires disclosing a trade secret or other . . . information."  In this case, three of the Subpoenas are directed to Defendants' vendors who are currently working with Defendants and in possession of Defendants' trade secret information. As parties, Defendants have standing to challenge third-party subpoenas because they have a "personal right or privilege with respect to the materials subpoenaed." *See Vivian v. Beahm*, 2012 WL 2602661, at *1 (M.D. Fla. July 5, 2012) (citing citations omitted).  Personal rights or privileges exist for confidential business information and proprietary information, including trade secrets. *See generally Carpenter v. United States*, 484 U.S. 19, 26 (1987).  Here, Defendants have ongoing relationships with vendors and in some instances have shared trade secret information which is confidential. While Plaintiff may be

entitled to some of that information, it should only be through restrictive means to protect Defendants' trade secrets (i.e. confidential designations). Without a measure in place to protect against a vendor's unrestricted disclosure in response to the Subpoenas, Plaintiff will gain unrestricted access to Defendants' trade secrets and Defendants will be irreparably harmed. Therefore the Subpoenas directed to AO Precision Manufacturing, LLC, Artisan Arms, LLC, and Trenton Forging Company must be quashed or subject to entry of a protective order.

Finally, Fed.R.Civ.P. Rule 45(d)(3)(A)(ii) directs the Court to quash the Subpoenas that purport to compel compliance beyond the geographical limits specified in Rule 45(c). Fed.R.Civ.P. Rule 45(c)(2)(A) provides that a subpoena may command the production of documents at a place **within 100 miles of where the person resides, is employed, or regularly transacts business in person**. In this case, twenty-eight (28) of the thirty-three (33) non-party subpoenas are addressed to locations outside of the requisite 100 mile radius.[3] Given that the Subpoenas purport to compel compliance beyond Rule 45(c)'s geographical limits, the Subpoenas addressed to: Azimuth Technology, LLC (RA in Naples, FL), Tactical Machining LLC (RA in Deland, FL), AO Precision Manufacturing, LLC (RA in Plantation, FL), Gulf Machining Inc. (RA in Miami, FL), Teal Blue, LLC (RA in Georgetown, FL) Nichols Manufacturing, Inc. (RA in Milpitas, CA), Component Engineers Inc. (RA in Walingford, CT), Creed Monarch Inc. (RA in Hartford, CT), Connecticut Spring & Stamping Corporation (RA in Hartford, CT), Samson Manufacturing Corp. (RA in Keene, NH), Thomson Investment Casting (Rochester, NY), HM Machine, LLC (RA in Barrington, NH), Battle Arms Development, Inc. (RA in Henderson, NV), Axem Distributing, Inc. (RA in Gallatin, TN), F.J. Feddersen, Inc. (RA

---

[3] The only non-parties located within the 100 mile radius are A.M. Tool & Engineering Co. (RA in Odessa, FL), Cook Spring Company (RA in Sarasota, FL), Seaboard Manufacturing, LLC, (RA in Clearwater, FL), Artisan Arms, LLC (RA in Apopka, FL), and Precise Technologies, Inc. (RA in Largo, FL)

in Loudon, TX), Mega Arms LLC (RA in Olympia, WA), Honor Med Maskiner Corp. (RA in Elgin, IL), HN Precision Products, Inc. (RA in Chicago, IL), Circle M Spring, Inc. (RA in Bourbon, IL), Critical Dimensions, LLC (RA in Mishawaka, IN), Iowa Precision Forge Co. (RA in Davenport, IA), Alpha Grainger Manufacturing, Inc. (RA in Franklin, MA), Fleet Machine Co. (RA in Gloucester, MA), Lancer Systems, LP (RA in Wilmington, DE), Grover Gundrilling LLC (RA in Augusta, ME), Brass Aluminum Forging Enterprises, LLC (RA in Ferndale, MI), Trijicon, Inc. (RA in Wixom, MI), Trenton Forging Company (RA in Trenton, MI) do not comply with Rule 45(c).

## II.
## Defendants Are Entitled to a Protective Order to Prevent Harassment and Disclosure of Trade Secrets

Pursuant to Fed. R. Civ. P. 26(c), a district court may issue protective orders for good cause to protect a party or person from **annoyance, embarrassment, oppression**, or undue burden or expense. "The term 'good cause' has been defined as a 'sound basis or legitimate need to take judicial action.'" *Belcher v. A & M Bus. Properties, Inc.*, 8:10-CV-02898-23AEP, 2015 WL 4527575, at *3 (M.D. Fla. 2015) (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).  Here, Defendants have illustrated a sound basis and legitimate need for judicial action in order to protect Defendants' reputation and trade secrets. By issuing the Subpoenas to Defendants' vendors and potential vendors seeking unfettered access to trade secret information and enclosing a highlighted Agreement with no relation to the Subpoenas, Plaintiff is acting to annoy, embarrass, tarnish Defendants' reputation in the weapons' community, and ensure the community is aware of Plaintiff's allegations.  Moreover, Plaintiff's intent in serving the Subpoenas and highlighted Agreement is to cause harm to Defendants' relationships with their vendors and potential vendors.  If this were not the intent, Plaintiff would

have first attempted to request the same documents from Defendants; however, no requests have been made. Absent a protective order prohibiting this form of harassment, Plaintiff will continue to damage Defendants' reputation and cause irreparable harm through disclosure of trade secret information. Accordingly, good cause is shown for a protective order to be issued.

## CONCLUSION

### REQUEST FOR INTERIM ORDER

The response date to the Subpoenas is August 30, 2016, a date well before this Court may have an opportunity to afford parties a chance to argue and rule. In the interim, the Defendants request a stay requiring Plaintiff: (a) to cease and suspend service of the letters and Subpoenas until the Court rules on this Motion; (b) Require the Plaintiff to communicate in writing with non-parties who have been served and direct them not to produce **any** documents until further order of this court *(and contemporaneously provide Defendants' counsel with copies of all such correspondence as well as any replies)*; and (c) if any subpoenaed non-parties have already produced documents, to abstain from inspecting any such documents, retaining them in an *attorneys eyes* status only, thereby withholding them from distribution and disclosure to the Plaintiff, until the Court rules on this Motion. In addition, the Defendants invite such other and further relief as the Court may deem fit and proper.

### RELIEF SOUGHT IN THIS MOTION AFTER HEARING

The Defendants request an order after the court has heard the motion and given the parties an opportunity to brief or argue: (a) quashing the subpoenas, (b) Directing that Plaintiff's counsel withhold inspection, review or disclosure of any materials provided in response to the subpoenas from the Plaintiff, its officers, agents or employees, (c) Directing that Plaintiff's

counsel provide copies of all documents produced in response to the subpoenas to Defendants' counsel, *together with copies of all correspondence and replies from the served non parties*, (d) award the Defendants their costs and attorney fees associated with the filing and prosecution of this motion, and (e) granting such other and further relief as the Court may deem fit and proper under the circumstances.

WHEREFORE, Defendants, AGUIEUS, LLC, a Delaware limited liability company, and MICHAEL BINGHAM, respectfully request that this Honorable Court grant the Relief sought herein.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), undersigned counsel has conferred with Plaintiff's counsel in an effort to resolve the issues at set forth in this motion. Counsel was not able to reach an agreement regarding the subject motion. DATED this 9th day of August, 2016.

BY: */s/ Matthew B. Sullivan*

MATTHEW B. SULLIVAN, ESQUIRE
4756 Central Avenue
St. Petersburg, FL 33711
Telephone: 727-385-4049
Fax: 727-328-7103
E-Mail: matthewbsullivan@aol.com
Attorney for Aguieus, LLC and Michael Bingham

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF Filing System, which will send notice to: Jaime Austrich, Esq., jaustrich@slk-law.com, J. Todd Timmerman, ttimmerman@slk-law.com, Mindi M. Richter, mrichter@slk-law.com, 101 East Kennedy Boulevard, Suite 2800, Tampa, Florida 33602; Leonard S. Englander, eservice@eflegal.com, Beatriz McConnell, bmcconnell@eflegal.com, and Joseph W. Etter, IV, jetter@eflegal.com, 721 First Ave. N., St. Petersburg, FL 33701.

/s/ *Matthew B. Sullivan*
MATTHEW B. SULLIVAN, ESQUIRE
4756 Central Avenue
St. Petersburg, FL 33711
Telephone: 727-385-4049
Fax: 727-328-7103
E-Mail: matthewbsullivan@aol.com
Attorney for Aguieus, LLC and Michael Bingham