

**Shumaker, Loop & Kendrick, LLP**

Bank of America Plaza        813.229.7600
101 East Kennedy Boulevard   813.229.1660 fax
Suite 2800
Tampa, Florida 33602

www.slk-law.com

August 1, 2016

*VIA HAND DELIVERY*

Brass Aluminum Forging Enterprises, LLC
c/o Registered Agent Jeff Denha
965 Wanda Street
Ferndale, MI 48220



EXHIBIT A

Re: *Adams Arms, LLC v. Unified Weapon Systems, Inc., et al.*
Case No. 8:16-cv-01503-VMC-AEP

Dear Sir or Madam:

This firm represents Adams Arms, LLC in the above-referenced litigation. Enclosed please find a subpoena requesting documents from Brass Aluminum Forging Enterprises, LLC, as well as a Stipulated Agreement entered into by the parties and Court Order regarding the same.

Please contact the undersigned with any questions. As Brass Aluminum Forging Enterprises, LLC is now on notice of this pending litigation, we also remind you of the continuing duty to preserve and maintain any and all documents, including those in electronic form, that may have potential relevance in this continuing case.

Thank you for your cooperation in these matters.

Sincerely,

Mindi M. Richter

MMR

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| ADAMS ARMS, LLC, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:16-CV-1503-T-33AEP |
| | ) |
| UNIFIED WEAPON SYSTEMS, INC., et al., | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Brass Aluminum Forging Enterprises, LLC c/o Registered Agent Jeff Denha
965 Wanda St., Ferndale, MI 48220

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE "EXHIBIT A" ATTACHED HERETO. NOTE: In lieu of producing documents in person, they may be mailed to: Shumaker, Loop & Kendrick, LLP, c/o Lori Nelson
101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602

| Place: Shumaker, Loop & Kendrick, LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602 | Date and Time: 08/30/2016 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8·1·16

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Adams Arms, LLC _____, who issues or requests this subpoena, are:
Mindi M. Richter, Esq., 101 E. Kennedy Blvd, Ste. 2800, Tampa, FL 33602 (813.229.7600) mrichter@slk-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:16-CV-1503-T-33AEP

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
### (the applicable time period for each request is 2014 to the present)

1. Any communications with Unified Weapon Systems, Inc.; Aguieus, LLC; Michael Bingham; Christian Quintanilla Aurich; Major General James W. Parker, USA, Retired (collectively referred to as "the Defendants"); and/or any third party acting on behalf of any of the Defendants.

2. Any documents that in any way reference any of the Defendants.

3. Any communications with the Ministry of Defense of the Republic of Peru ("Peruvian MOD"), the Peruvian military, and/or the Peruvian Factory of Weapons and Ammunition from the Army S.A.C. ("FAME").

4. Any documents related to or that in any way reference the Peruvian MOD, the Peruvian military, and/or FAME.

5. Any documents related to or that in any way reference Adams Arms, LLC or Adams Arms, LLC weapons or weapon parts (excluding any documents provided to you directly by Adams Arms, LLC or created as a result of business done directly with and for Adams Arms, LLC).

6. Any communications that relate to or in any way reference Adams Arms, LLC or Adams Arms, LLC weapons or weapon parts (excluding any communications directly with Adams Arms, LLC).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

    Plaintiff,

vs.                                         CASE NO. 8:16-cv-1503-VMC-AEP

UNIFIED WEAPON SYSTEMS, INC.,
AGUIEUS, LLC,
MICHAEL C. BINGHAM,
CHRISTIAN QUINTANILLA AURICH and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.

_____/

## STIPULATED AGREEMENT

Plaintiff, Adams Arms, LLC ("Plaintiff"), and Defendants, Unified Weapon Systems, Inc., Aguieus, LLC, Michael Bingham, Christian Quintanilla Aurich, and Major General James W. Parker (collectively, "Defendants"), hereby stipulate and agree to the following and the Court entering an Order ratifying and approving the following:

1. In this action, Plaintiff has sued Defendants alleging, in part, that they have received and are using and disclosing, and will in the future use and disclose, without Plaintiff's consent or authorization, "Confidential Information" and "Trade Secrets" owned by and belonging to Plaintiff.

2. As used in this Agreement, "Confidential Information" means all information, technical data, trade secrets or know-how of Plaintiff or its customers, vendors, business partners or investors that has been previously provided or is hereafter provided to Defendants by or on behalf of Plaintiff, either directly or indirectly, whether in writing, orally or by observation, including, but not limited to, research, products, services, product plans, clients, client lists, employees, employee lists, lead lists, markets, marketing, expansion plans, databases, devices, software, developments, inventions, processes, technology, maskworks, designs, drawings, engineering, hardware configuration information, finances, financial information, financial results, business methods, business plans, strategies and programs, operating and production procedures or other business information, in each case which Plaintiff considers to be confidential or proprietary.

3. As used in this Agreement, "Trade Secrets" means Confidential Information, including formulas, patterns, compilations, programs, devices, methods, techniques, and processes, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4. As used in this Order, the terms "Confidential Information" and "Trade Secrets" do not include (a) information provided by Plaintiff to Defendants for and that was included by Defendants in their written bid submitted to Fabrica de Armas y Municiones Del Ejercito - FAME S.A.C. ("FAME") on December 10, 2015, or (b) information, technical data, trade secrets or know-how that: (i) is in the possession of Defendants on a non-confidential basis and such information was received from a source not bound by any obligation not to disclose the information, (ii) prior to or after the time of disclosure, becomes part of the public knowledge or literature, not as a result of any inaction or action of Defendants, or (iii) is approved for release by Plaintiff.

5. Defendants deny that they have ever received any Confidential Information or Trade Secrets from Plaintiff, and if they have that they are not now using such information or have disclosed or plan to disclose it to others for use.

6. Plaintiff has filed a Motion for Preliminary Injunction seeking to enjoin Defendants from further using or disclosing Plaintiff's Confidential Information and Trade Secrets.

7. Given Defendants' position that they have neither received, nor used or disclosed, any of Plaintiff's Confidential Information or Trade Secrets, the parties seek to avoid the needless expenditure of attorney's fees and judicial resources, and Defendants are willing to stipulate and agree with Plaintiff that Defendants will not use or disclose Plaintiff's Confidential Information and Trade Secrets.

8. Nothing contained herein shall be construed to prevent any party from pursuing monetary or other claims in this or any other action.

9. Based on the foregoing, and subject to the exceptions in paragraph 4, the parties stipulate and agree as follows:

(a) Neither Defendants, nor their representatives, officers, agents, servants, lessees, employees, affiliates, subsidiaries, or other other persons or entities in active concert or participation with them, will use or disclose any of Plaintiff's Confidential Information or Trade Secrets;

(b) Defendants will return to Plaintiff all of Plaintiff's Confidential Information and Trade Secrets that they may find in their possession, custody, or control. This does not obligate Defendants to undertake any independent search for Plaintiff's Confidential Information or Trade Secrets, nor will the return of any information be deemed an admission by Defendants that the same constitutes Plaintiff's Confidential Information or Trade Secrets.

10. The parties agree that they will not publish any comment, press release, or statement relating to this Order outside of a legal proceeding.

11. The entry of the Order contemplated herein shall not be used by either party as an admission or denial of liability of any claim asserted or which could be asserted in this action, nor shall it constitute a waiver of any claims or defenses by any party.

12. Nothing herein shall prohibit the parties from providing a copy of this Stipulation and Order to FAME or any other individual customer or potential customer and answering any questions they may have.

13. The Court shall retain jurisdiction to enforce the terms of this Stipulated Order, including, but not limited to, by an order of contempt.

DATED: July 19, 2016.

ADAMS ARMS, LLC

By: _____
Michael J. Froning, President/CEO

UNIFIED WEAPON SYSTEMS, INC.

By: _____
Name: Cristhian Quintanilla Aurich
Title: President / CEO

AGUIEUS, LLC

By: _____
Name: MICHAEL C. BINGHAM
Title: MANAGING MEMBER

_____
Michael C. Bingham

_____
Christian Quintanilla Aurich

_____
Major General James W. Parker

/s/ *J. Todd Timmerman*
J. Todd Timmerman
Florida Bar No. 0956058
ttimmerman@slk-law.com
Jaime Austrich
Florida Bar No. 0084565
jaustrich@slk-law.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Attorneys for Plaintiff, Adams Arms, LLC*

/s/ *Leonard S. Englander*
Leonard S. Englander
Florida Bar No. 198846
Primary: eservice@eflegal.com
Secondary: chanley@eflegal.com
Beatriz McConnell
Florida Bar No. 42119
Primary: bmcconnell@eflegal.com
Secondary: tdillon@eflegal.com
Joseph Wesley Etter, IV
Florida Bar No. 83814
Primary: jetter@eflegal.com
Secondary: jkillett@eflegal.com
Englander Fischer
721 First Avenue North
St. Petersburg, Florida 33701
Telephone: (727) 898-7210
Facsimile: (727) 898-7218

*Attorneys for Unified Weapon Systems, Inc. and Christian Quintanilla Aurich*

/s/ *Matthew B. Sullivan*
Matthew B. Sullivan
Florida Bar No. 018576
matthewbsullivan@aol.com
4756 Central Avenue
St. Petersburg, Florida 33711
Telephone: (727) 385-4049
Facsimile: (727) 328-7103

*Attorney for Aguieus, LLC, Michael C. Bingham and Major General James W. Parker*

Ratified and approved as the
Order of this Court

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

      Plaintiff,

v.                                                  Case No. 8:16-cv-1503-T-33AEP

UNIFIED WEAPON SYSTEMS, INC.,
*et al.*,

      Defendants.
_____/

## ORDER

This matter comes before the Court upon the parties' Stipulated Agreement (Doc. 67). Plaintiff initially sought preliminary injunctive relief against Defendants for the purported misuse and misappropriation of Plaintiff's alleged confidential information and trade secrets (Doc. 13). After conducting a mediation conference, however, the parties entered into the Stipulated Agreement, in which Defendants deny any wrongdoing but stipulate and agree to not use or disclose any of Plaintiff's confidential information or trade secrets and to return any confidential information and trade secrets in their possession, custody or control (Doc. 67). Upon consideration, therefore, it is hereby

    ORDERED:

    1. The terms of the parties' Stipulated Agreement (Doc. 67) is APPROVED and incorporated herein. This Court's authority to enforce the terms of this agreement shall terminate upon a final determination of this action in the district court.

DONE AND ORDERED in Tampa, Florida, on this 21st day of July, 2016.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record