UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, LLC,

    Plaintiff,

v.                              Case No. 8:16-cv-1503-T-33AEP

UNIFIED WEAPONS SYSTEMS, INC.,
AGUIEUS, LLC, MICHAEL BINGHAM,
CHRISTIAN QUINTANILLA AURICH, and
MAJOR GENERAL JAMES W. PARKER,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the March 20, 2017, Report and Recommendation of the Honorable Anthony E. Porcelli, United States Magistrate Judge, recommending that Unified Weapon Systems, Inc.'s Verified Motion for Preliminary Injunctive Relief Against Aguieus, LLC, and Michael Bingham (Doc. # 157) be granted in part and denied in part. (Doc. # 185). As of this date, there are no objections to the report and recommendation, and the time for the parties to file such objections has elapsed.

**Discussion**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific objections, there is

no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Report and Recommendation of the Honorable Anthony E. Porcelli (Doc. # 185) is **ACCEPTED** and **ADOPTED**. UWSI's Verified Motion for Preliminary Injunctive Relief against Aguieus, LLC and Michael Bingham (Doc. # 157) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Aguieus, its officers, agents, servants, employees, attorneys, and all other persons and entities in active concert or participation with Aguieus are enjoined from performing any of the

following acts, directly or indirectly, on its own behalf or on behalf of a third party:

 a. making any representations of having an ownership interest in UWSI and

 b. making any representations of being a party to the FAME contract because Aurich is the 100% shareholder of UWSI and the signatory to the FAME contract.

 2. Bingham, his officers, agents, servants, employees, attorneys, and all other persons and entities in active concert or participation with Bingham are enjoined from performing any of the following acts, directly or indirectly, on its own behalf or on behalf of a third party:

 a. making any representations of having an ownership interest in UWSI and

 b. making any representations of being a party to the FAME contract because Aurich is the 100% shareholder of UWSI and the signatory to the FAME contract.

 3. Aguieus and Bingham are not enjoined from using the trade names and marks because the undisputed record evidence demonstrates that Aguieus and Bingham were the first to use the marks in commerce.

 4. Aguieus and Bingham are not enjoined from making truthful statements to any FAME official concerning the nature and extent of their involvement in securing the FAME contract.

5. This Preliminary Injunction and all terms contained herein shall remain in effect until further Order of this Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of April, 2017.

	VIRGINIA M. HERNANDEZ COVINGTON
	UNITED STATES DISTRICT JUDGE